MEYER, Appellant, vs. MARGOLIS and another, Respondents.

*October 26—November 16, 1915.*

*Arrest and bail: Action on bail bond: Jurisdiction of Milwaukee civil court: Extension of time for surrender of defendant: Terms: Discretion: Fraud.*

1. Where an action on a bail bond given in circuit court was commenced in the civil court of Milwaukee county, the latter court obtained jurisdiction to entertain an application under sec. 2711, Stats. 1913, to extend the time for the surrender of the defendant to the sheriff in exoneration of his bail.
2. The imposition of terms is not necessary as a condition of granting such relief.
3. No fraudulent disposition or appropriation by the bail of the property of the defendant was shown in this case; nor does it appear that they wrongfully conspired with the defendant to keep him beyond the reach of the process of the court, or that they failed to use due diligence to have him return to the state and render himself amenable to such process.

APPEAL from a judgment of the circuit court for Milwaukee county: F. C. ESCHWEILER, Circuit Judge. *Affirmed.*

This is an action on a bail bond given pursuant to an order for arrest in a civil action for damages for injury to the person.

On November 19, 1913, the plaintiff obtained a judgment against Charles F. Hoppenrath in the Milwaukee county circuit court for the sum of $783.71 as damages and costs in an action for personal injuries she sustained in a collision with plaintiff's vehicle and Hoppenrath's automobile. Hoppen-

rath was arrested on a civil warrant in that action and gave bail in the sum of $1,000, signed by the defendants *Max Margolis* and Hoppenrath's mother, *Louisa Heinzle,* to secure his release from arrest.    The condition expressed in the undertaking is that the parties thereto "do hereby undertake in the sum of one thousand ($1,000) dollars that said defendant shall at all times render himself amenable to the process of the court during the pendency of this action, and to such as may be issued to enforce a judgment therein."    An execution against the property of Hoppenrath to satisfy that judgment was returned unsatisfied December 22, 1913.    On May 21, 1914, proceedings supplementary to this execution were instituted, resulting in the appointing of a receiver therein May 29, 1914.    The examination of Hoppenrath failed to disclose that he was possessed of property subject to levy and seizure to satisfy the judgment.    On December 30, 1914, the receiver reported that he was unable to find any property to apply in satisfaction of the judgment except the sum of $54.16, and his report was accepted by the court and an order entered discharging him.    On January 12, 1915, an execution against the body of Hoppenrath issued and was delivered to the sheriff, who on January 20th following made return thereon that Hoppenrath was not to be found within his jurisdiction.    It appears that Hoppenrath had theretofore enlisted in the United States army and that he was on active duty in the state of Arkansas when this execution against his body was issued and returned.    On January 22, 1915, this plaintiff commenced this action against these defendants, as bail for Hoppenrath on the undertaking given under the circuit court order as above stated, in the civil court of Milwaukee county by the issuance of summons returnable February 2, 1915, which was served on defendants in this case. On the return day of this summons the parties appeared by their attorneys and adjourned the case to February 16, 1915, without service of any pleadings until February 10, 1915, when the complaint was served.    Neither the plaintiff nor

her attorney had, prior to this day, notified defendants of the purpose of this action nor demanded of either defendants or their attorney that Hoppenrath be produced and render himself amenable to the process of the court pursuant to the undertaking given in the original circuit court action. Upon service of the complaint on defendants, informing them of the object of this action, they immediately took steps to have Hoppenrath return to the city of Milwaukee, and he appeared in court on the adjourned day (February 16th) of the action and offered to surrender to the sheriff. This was five days after the expiration of the twenty days from the day of the service of the summons in the action. On this day the judge of the civil court wherein the action was pending entertained an application for an order to show cause why the time should not be extended to enable the defendants, as bail, to surrender Hoppenrath to the sheriff in exoneration of his bail. Upon the hearing of this order the civil court extended the time ten days from the 10th day of March within which defendants might surrender Hoppenrath, and upon such surrender this action against defendants to stand dismissed without costs to either party. It appears defendants did surrender Hoppenrath to the sheriff pursuant to such order, and the civil court on March 13, 1915, entered a judgment dismissing the action with costs.

Upon appeal by plaintiff from such judgment to the circuit court and a hearing upon the record, the circuit court entered judgment affirming the judgment of the civil court and awarded defendants recovery of costs and disbursements on the appeal, amounting to $16.20. From such judgment this appeal is taken.

*F. H. Gugel,* for the appellant.
*Louis L. Cohen,* for the respondents.

SIEBECKER, J. In this case it is held that since plaintiff elected to commence her action against defendants, on the undertaking signed by them, in the civil court of Milwaukee

county that court obtained jurisdiction to entertain an application under the provisions of sec. 2711, Stats. 1913, to extend the time for the surrender of Hoppenrath to the sheriff in exoneration of his bail given in the original action in the circuit court. The right to such relief conferred by the provisions of this statute does not require the imposition of terms as a condition of granting the relief. Hence plaintiff's claim that the court erred in not imposing terms on the defendants in extending the time for the surrender of Hoppenrath is not well founded. The provisions of secs. 2831 and 2832 are not applicable here and do not control.

We find no basis in the record for appellant's claim that the defendants had means to indemnify themselves out of Hoppenrath's property. The contention that the defendant *Heinzle* and Hoppenrath have through collusion fraudulently disposed of or concealed his property is not established by the facts and circumstances, nor does it appear that defendant *Heinzle* has wrongfully secured possession of any of Hoppenrath's property. The receiver in supplementary proceedings evidently found no such fraudulent disposition of Hoppenrath's property and hence took no steps to secure possession thereof. The civil court in granting the order for an extension manifestly arrived at the conclusion that defendant *Heinzle* was not guilty of such a fraudulent appropriation of the property, and his conclusion must stand.

We discover no substantial basis for the claim, upon the facts and circumstances shown by the record, that the defendants wrongfully conspired with Hoppenrath to keep him beyond the reach of the processes of the court during the twenty days after this action was commenced, nor does it appear that defendants failed to use due diligence to have Hoppenrath returned to the state and render himself amenable to the court's processes after they were informed of the purpose of this action. The circuit court properly affirmed the judgment of the civil court.

*By the Court.*—The judgment appealed from is affirmed.